Dewayne Eugene RING, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16653.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Dewayne Eugene Ring, hereinafter referred to as defendant was charged, tried and convicted in the District Court of Oklahoma County of the offense of Burglary in the First Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment; and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that Gwendolyn Thomas was nineteen years old and on August 11, 1970, lived at 113½ Southwest 26th Street in Oklahoma City with her father. She testified that evening she came home from work and fixed dinner. Her father ate and then left. After doing the dishes and ironing a dress she laid down on the bed about 8:30 P.M. partly clothed and went to sleep. The doors were partly open but the screen door was shut. Around midnight she was awakened by someone on top of her, rubbing on her. She pushed him off and ran to the front door, finding it to be locked. The man, whom she identified in court as defendant, followed her into the front room. His underpants and pants were down to his knees and he was pulling them up. He threw her over a chair and she cut her elbow when it struck the wall. Defendant put his hand over her nose and mouth and said he was going to rape her but would not hurt her. Defendant then asked if he could bring some beer from outside, and required her to go with him. He got the beer and she started walking to a phone booth. Her cousin's husband lived at One Southwest Twenty-Fifth Street and she went there and knocked on the door. This was between 1:30 and 2:00 A.M. As the door opened she saw a police patrol car approach and the police were chasing defendant. They caught defendant and she told them what had happened.

Officer Acox of the Oklahoma City Police Department, testified he was riding patrol that night and about 2:30 A.M. he saw defendant at number One Southwest Twenty-Fifth Street standing in the driveway with a quart beer bottle in his hand. Defendant started toward the door then ran. Officer Gullett, Acox's partner pursued defendant and caught him. After talking to Miss Thomas, Acox talked to defendant, first warning him of his rights. Defendant then said the young lady had come to his apartment at 108 Southwest 26th Street.

Defendant did not testify nor was any evidence offered in his behalf. The previous conviction was stipulated.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl. Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. We need only to

observe that the punishment imposed is the minimum allowed by law.

The record is free of any error which would require reversal or justify modification and the Judgment and Sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.